Qiuxia Castillo, Esq.
Nevada Bar No. 16212
Li Law Group, P.C.
4990 S Rainbow Blvd #120
Las Vegas, Nevada 89118
Email: li@lilawgroup.com
Tel: (702) 626-2222
Fax: (725) 600-5198

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LIU, WEI<br><br>       Plaintiff,<br><br>  v.<br><br>MANDALAY BAY, LLC dba<br>MANDALAY BAR RESORT AND CASINO<br>and MGM RESORTS INTERNATIONAL<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     COMPLAINT |

**INTRODUCTION**

1.    This action involves claims of wrongful termination, discrimination, retaliation, intentional and negligent infliction of emotional distress, and breach of duties of good faith and fair dealing. Plaintiff Wei Liu ("Plaintiff"), by and through their undersigned counsel, files this Complaint against Defendants Mandalay Bay, LLC, doing business as Mandalay Bar Resort and Casino, and MGM Resorts International ("Defendants").

**PARTIES**

1

## PARTIES

### A. Plaintiff(s)

2.    Plaintiff, Wei Liu, is an individual domiciled in Las Vegas, Nevada.

### B. Defendant(s)

3.    Defendant, Mandalay Bay, LLC dba Mandalay Bar Resort and Casino, is a domestic limited liability company with its principal place of business located at 6385 S. RAINBOW BOULEVARD, SUITE 500, LAS VEGAS, Nevada 89118.

4.    Defendant, MGM Resorts International, is a corporation with its principal place of business located at 3600 LAS VEGAS BOULEVARD SOUTH, Las Vegas, Nevada 89109.

### C. The Place of Employment

5.    The address at which Plaintiff was employed by the defendants is 3950 S Las Vegas Blvd Las Vegas, Nevada 89119.

## JURISDICTION AND VENUE

6.    This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under Title VII of the Civil Rights Act of 1964.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendants conducts substantial business in this District and the actionable events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8.    Plaintiff Wei Liu was employed by Defendants as a table game dealer from August 2021 until his unjust termination on June 3, 2022.

2

9.    Plaintiff Wei Liu was the victim of violence perpetrated by his co-worker, Yan Liu. Yan Liu was also employed by the defendants as a table game dealer. Since August 2021, Yan Liu has constantly exerted mental control and engaged in physical abuse against Plaintiff. On December 1, 2021, Yan Liu made death threats against Plaintiff in the workplace. Plaintiff reported Yan Liu's threats and assault to his supervisor, Cuong Nguyen. Later, Plaintiff filed a police report and a Temporary Protective Order (TPO) against Yan Liu.

10.    On December 30, 2021, Plaintiff wrote an email to Defendants to report and describe the threats and assaults made by Yan Liu on December 1, raising work safety issue.

11.    On December 31, 2021, the Plaintiff wrote another email to the Defendants to outline the entire history between himself and Yan Liu, as well as the abuse he suffered from Yan Liu. The email was accompanied by pictures.

12.    In February and March of 2022, the Plaintiff followed the Defendants' Complaint Procedure and sent emails to the Defendants' managerial personnel, Wyatt Dent and Mike Mpagliarulo, asking for help in resolving the issue with Yan Liu in the workplace. These requests were made both orally and in writing on multiple occasions. Unfortunately, the Defendants not only failed to respond to the Plaintiff's requests or take proper actions but also placed the Plaintiff and co-worker Yan Liu at the same gaming table. Left with no other option, the Plaintiff resorted to settling the matter with Yan Liu himself by sending her conciliatory emails.

13.    Without receiving any proper resolution, Plaintiff was instead asked by Defendants in March 2022 to sign a document in English, which he could not fully understand. Despite expressing his concerns, Plaintiff was not provided with an interpreter and was told that he could only return to work if he signed the document. Defendants subjected Plaintiff to discriminatory

3

treatment by forcing him to sign a complex English document without offering an explanation, a translator, or the opportunity for independent legal counsel. They later informed him that he was terminated based on that signed document. This action was taken despite Wei Liu's limited English proficiency, which the Defendants had acknowledged in prior interactions that Plaintiff unequivocally required interpreter during a hearing with Defendants. Feeling coerced to secure his employment and provide for his son, who suffers from congenital heart disease and intellectual disability, Wei Liu signed the document.

14.    The termination of Plaintiff Wei Liu was executed without proper due process. Despite lacking clear evidence, the Defendants hastily concluded that Wei Liu had violated company policies. This tarnished his reputation and caused him irreversible damage. The decision was reached without responsible investigation or due diligence, and it relied on a document generated in a discriminatory manner. Consequently, Wei Liu was deprived of a fair opportunity to defend his actions.

15.    In addition, the Defendants failed to address Wei Liu's legitimate concerns about his safety and well-being in the workplace. Not only did they ignore these concerns, but they also retaliated against him by terminating his employment shortly after he had requested a safe working environment.

16.    Plaintiff clearly informed the Defendants, both orally and in writing, about the dangerous character, threats, and assaults of his co-worker Yan Liu. Despite this, the Defendants not only placed Wei Liu at the same gaming table as Yan Liu but also irresponsibly terminated his employment, labeling him as a harasser. These actions led to severe negative consequences in his personal life, including estrangement from acquaintances, divorce from his wife, and familial

shame. Defendants carried out these extreme and outrageous actions in a reckless or intentional manner.

17.    The Defendants acted in bad faith, violating the principles of good faith and fair dealing that are implicit in every employment contract. This prevented Wei Liu from enjoying the benefits to which he was entitled as per his employment terms.

18.    As a direct result of these various breaches and infringements by the Defendants, Plaintiff Wei Liu has suffered financial hardship, emotional distress, and sustained damage to his reputation.

19.    Plaintiff has file an EEOC charge within 300 days of the allegedly unlawful employment practice and received a right-to-sue letter from the EEOC under 42 U.S.C. § 2000e-5(f)(l)(A).

**COUNT I: DISCRIMINATION AND WRONGFUL TERMINATION**

20.    Plaintiff reiterates and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

21.    Plaintiff identifies as a member of a protected class under Title VII, specifically due to his race and national origin, being of Mainland Chinese descent and a native Mandarin speaker. Despite fulfilling the legitimate expectations of his job performance, Plaintiff was subjected to discriminatory treatment by Defendants. Defendants compelled Plaintiff to execute a complex document in English, despite Plaintiff's explicitly stated limited English proficiency. This treatment contrasts unfavorably with how other employees, proficient in English, would have been treated under similar circumstances. Plaintiff was subsequently terminated, ostensibly due to the document he was forced into signing. Such actions on the part of Defendants amount

5

to discrimination based on race and national origin, as well as wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**COUNT II: RETALIATION**

22.     Plaintiff reiterates and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

23.     Employees are legally entitled to a workplace free from discrimination and harassment. Plaintiff had consistently reported safety concerns and incidents of employment harassment to Defendants via communication with supervisory or managerial personnel. In retaliation, Defendants terminated Plaintiff's employment on the basis of these reports. Defendants' actions constitute unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964.

**COUNT III: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

24.     Plaintiff reiterates and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

25.     Defendants owed Plaintiff a duty of care, as prescribed by their employer-employee relationship. Defendants breached this duty by intentionally or negligently placing Plaintiff and an individual against whom he had sought a Temporary Protective Order (TPO) at the same gaming table, later wrongfully discharged him regarding this issue, thereby causing Plaintiff severe emotional distress, requiring psychiatric intervention, in contravention of Nevada state law.

6

**COUNT IV: BREACH OF THE DUTIES OF GOOD FAITH AND FAIR DEALING/ BAD FAITH DISCHARGE**

26.    Plaintiff reiterates and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

27.    Plaintiff Wei Liu and Defendants entered into an employment agreement that established contractual rights of ongoing employment, thereby creating a fiduciary relationship based on trust, reliance, and dependency. Defendants, acting in bad faith, breached this contract by unlawfully terminating Plaintiff's employment, in violation of the covenant of good faith and fair dealing under Nevada state law.

**COUNT V: TORTIOUS DISCHARGE**

28.    Plaintiff reiterates and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

29.    Defendants employed fifteen or more personnel within the state of Nevada and engaged in acts involving racial discrimination and retaliatory termination against Plaintiff. Defendants terminated Plaintiff's employment for reasons that contravene public policy, thereby committing tortious discharge, in violation of Nevada state law.

**DEMAND FOR JURY TRIAL**

30.    Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

31.    WHEREFORE, Plaintiff, Wei Liu, respectfully requests that this Court:

7

A. Award compensatory damages in the amount of $300,000.00;

B. Award punitive damages;

C. Order the reinstatement of Wei Liu's employment with appropriate safeguard;

D. Grant any other relief this Court deems just and equitable.

32.    Dated this 14th day of September, 2023.

Respectfully Submitted,

Qiuxia Castillo, Esq.
Li Law Group, P.C.
4990 S Rainbow Blvd #120
Las Vegas, Nevada 89118
Email: li@lilawgroup.com
Tel: (702) 626-2222
Fax: (725) 600-5198
Attorney for Plaintiff

STATE OF NEVADA      )
                          )ss.
COUNTY OF CLARK    )

## VERIFICATION OF COMPLAINT

I _____ WEI LIU _____, the Plaintiff named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_Wei Liu_

Plaintiff (signature)

_WEI LIU_

Print Name

State of Nevada
County of Clark
Taken, sworn to and subscribed before me this 14th day of Sept. 2023

_____
Notary Public

P S SEKHON
Notary Public   State of Nevada
County of Clark
APPT NO  18-2262 1
My App. Expires Apr 9, 2026

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Las Vegas Local Office**
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/23/2023

**To:** Mr. Wei Liu
3822 Bombastic CT
Las Vegas, NV 89147
Charge No: 487-2023-00680

EEOC Representative and email:    GIANCARLO DYE-OLIVA
Federal Investigator
giancarlo.dye.oliva@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2023-00680.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/23/2023
Christine Park-Gonzalez
District Director