UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Wei Liu,

        Plaintiff

  v.

Mandalay Bay, LLC d/b/a Mandalay Bay Resort and Casino and MGM Resorts International,

        Defendants

Case No. 2:23-cv-01435-CDS-VCF

**Order Granting in Part Plaintiff's Motion to Extend the Deadline**

[ECF No. 15]

    Plaintiff Wei Liu filed this employment action on September 14, 2023 for wrongful termination, discrimination, retaliation, intentional and negligent infliction of emotional distress, breach of duties of good faith and fair dealing, and tortious discharge. ECF No. 1. Liu filed an amended complaint the next day. ECF No. 2.

    On October 10, 2023, defendants Mandalay Bay, LLC and MGM Resorts International filed a motion to dismiss the amended complaint. ECF No. 8. Any opposition to the motion was due on October 24, 2023. *See* ECF No. 8 (noting responses due 10/24/2023); Local Rule 7-2(b) ("[T]he deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion."). The October 24th deadline came and went; no opposition was filed.

    On October 17, 2023, the court issued a minute order directing defendants to provide more information regarding a recently noticed interested party in order to evaluate whether the court had a conflict on or before October 31, 2023.[1] ECF No. 10. Recognizing that the deadline for defendants to provide more information regarding the interested party fell after Lui's October 24, 2023 deadline to respond to the motion to dismiss the amended complaint, I sua

---

[1] Defendants complied with my order. *See* Notice, ECF No. 11.

sponte issued a minute order extending the deadline to November 9, 2023. ECF No. 12. I cautioned Liu that failure to respond to the motion to dismiss may result in dismissal of this action. *Id.*

On November 8, 2023, a motion to substitute Liu's attorney was filed (ECF No. 14), in conjunction with a motion to extend time to respond to the motion to dismiss the amended complaint (ECF No. 15). Liu sought a 2-week extension. *Id.* at 2. Defendants oppose the motion, arguing it fails to meet the good cause standard. ECF No. 18. For the reasons set forth herein, I grant the motion to extend in part.

I.   Discussion

Liu moves for a two-week extension to respond to the motion to dismiss the amended complaint, contending that there is good cause to extend the response deadline because counsel was retained the same day the motion to extend was filed. ECF No. 15 at 1. Counsel also represents that Liu has filed this motion for relief instead of a stipulation because, given the impending deadline, there was not an opportunity to discuss extending the deadline with opposing counsel. *Id.* at 2. Counsel further represents that, based upon information and belief, defendants' counsel was previously contacted by plaintiff's counsel to set up a meet and confer, but an immediate response was not received, thus further necessitating this motion. *Id*.

Defendants oppose the motion, representing that Liu's prior counsel contacted them on October 24, 2023, noting that she was considering filing a motion to amend the complaint to address the issues raised in the motion to dismiss. ECF No. 18 at 2. No motion to amend nor opposition to the motion to dismiss were filed. Defendants' counsel notes that seven days after the original response deadline, counsel for plaintiff contacted defendants to advise that she was "working on a response" and considering having another attorney substitute in to represent plaintiff. *See id.* (citing Email Correspondence, Defs.' Ex. B, ECF No. 18 at 9–10). Before defendants had an opportunity to respond, the court sua sponte extended the response deadline. ECF No. 12. Defendants argue that Lui has been represented since the inception of this case and

that counsel was well aware of the deadlines to respond to the dismissal motion, but nonetheless failed to respond in a timely manner, or to seek any other relief. ECF No. 18 at 3–4. Given this information, defendants argue that Liu fails to establish good cause to extend the response deadline. *Id.*

Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may extend the time for good cause if the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The Ninth Circuit has described the "good cause" standard as "less rigorous than excusable neglect." *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001) (citation omitted). When evaluating whether the good cause standard has been met, the court focuses on the diligence of the moving party. *See Green Aire for Air Conditioning W.L.L. v. Salem*, 2020 WL 58279, at *3 ("Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence.") (E.D. Cal. Jan. 6, 2020) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)).

The court agrees with defendants that plaintiff's prior counsel lacked diligence in addressing the pending motion to dismiss, amongst other concerns. That lack of diligence could have resulted in dismissal of this action. But unlike prior counsel, plaintiff's new counsel did act diligently in filing a motion to extend on the same say as his substitution of counsel, and one day before the court's extended deadline. Accordingly, the court grants plaintiff's motion to extend in part. Given that this motion and the motion to dismiss have both been pending for some time, the court extends the response deadline by seven days only.

## II. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to extend the deadline to respond to the motion to dismiss **[ECF No. 15] is GRANTED** in part. Plaintiff has seven days from the day this order is docketed to respond to the motion.

DATED: January 8, 2024

_____
Cristina D. Silva
United States District Judge