# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Wei Liu,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Mandalay Bay LLC, d/b/a Mandalay Bay Resort and Casino,<br><br>　　　　　Defendant(s). | 2:23-cv-01435-CDS-MDC<br><br>Order |

Plaintiff Wei Liu filed a *Motion For Leave To Amend The Complaint*. ("Motion"). ECF No. 29. It is early in this case as discovery has not yet commenced. The Court grants the Motion. Plaintiff has seven days to file the proposed amended complaint.

## I. Background

Plaintiff seeks leave to file a first amended complaint after the Court dismissed the plaintiff's first complaint without prejudice and with leave to refile. ECF No. 23. The plaintiff argues in the motion for leave to amend that the proposed amended complaint addresses the issues in the Court's dismissal order. ECF No. 29. The defendant argues that plaintiff's claims in the amended complaint are meritless and futile. ECF No. 30. Plaintiff argues in the reply that public policy strongly favors determination of cases on their merits. ECF No. 31.

## II. Discussion

### a. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

b. Analysis

The Court dismissed plaintiff's complaint without prejudice. ECF No. 23, but allowed plaintiff to file a motion to amend ("The first amended complaint is dismissed without prejudice and with leave to amend. If Liu so chooses, he has 14 days from the date of this order to file a motion to amend.").

This case is in the early stages and no discovery has been taken by the parties. Plaintiff has not previously sought leave to amend the complaint. Plaintiff's proposed amendment is not made in bad faith or for the purpose of undue delay because it is still early in the case. The defendants will not be prejudiced by the amendment because both the new allegations are closely related to the claims in the original complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new the allegations are reasonably related to plaintiff's original complaint. Plaintiff has shown good cause to amend the complaint.

//

//

//

IT IS ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 29) is GRANTED.

2. Plaintiff Liu has until June 11, 2024, to file his amended complaint on the docket.

Dated this 4th day of June 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge